UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M.R., *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> Raw Seafoods, Inc., *et al.*, <br><br> *Defendants.* | Case No. 1:24-cv-12427-WGY |

**MOTION TO DISCLOSE TO DEFENSE COUNSEL**
**THE NAMES OF PLAINTIFFS**

Defendant, Raw Sea Foods, Inc. (the proper spelling of the name of the corporate defendant), and owners Scott Hutchens and Jason Hutchens ("Defendants"), hereby move to compel disclosure of the plaintiffs' names to Defendants' counsel, something Defendants' counsel has been requesting since October 1, 2024. The parties have conferred about this matter by telephone two times, as required under Local Rule 7.1(a)(2), including by telephone on October 9, 2024. Despite this, plaintiffs' counsel is withholding the names of plaintiffs from Defendant's counsel unless and until the parties enter into a Stipulated Protective Order addressing the protection of all discovery. While the parties are continuing to negotiate the terms of that Stipulated Protective Order, and while Defendant's counsel is willing to enter into a standard form Stipulated Protective Order, and also willing to honor the impoundment of the plaintiff's names from court records as per any Order of the Court, the obligation to disclose the names of the plaintiff to Defendant's counsel should not be conditioned upon that. (See also Note 1, *infra*)

1

Here, the plaintiffs' names should be disclosed to Defendant's counsel for multiple reasons:

*First,* their names are known, and they are not "John Doe's."

*Second,* Defendant's counsel has a need to investigate the claims alleged in order to respond to the complaint. Indeed, Defendant does not know who the plaintiffs actually are, and notes that, whoever they are, they are long since not employed (assuming arguendo for now, they were employed by Raw Sea Foods). Defendant seeks their name to determine if they have worked for Defendant, if they worked for the time alleged, or perhaps not at all or some other period of time. If employed at some point, moreover, the plaintiffs may have come from a third-party staffing agency, or may have been a direct hire. Understanding who that third party might be is important to pleading practice, and discovery. Further, determine the named plaintiffs' standing, and their capacity to sue directly, as opposed to through a parent or guardian, is something that can only be determined once Defendant has their identify. Simply put, Defendant's counsel is unable to promptly investigate the claims without knowing the plaintiffs' identities. To the extent the plaintiffs came to be hired via a third party staffing agency, moreover, with each day that passes without knowing the plaintiffs' names, there increases a risk of spoliation of evidence.

*Third,* one of the defendants herein in supposedly the plaintiffs' supervisor, and his name is apparently unknown to plaintiffs. Plaintiffs' counsel asked Defendants' counsel to accept service on his behalf, and Defendants' counsel is willing to agree to accept service once counsel has plaintiffs' names, can investigate the period of time in which they claim employment, can investigate who their possible supervisor(s) during that time might have

been, and narrow down the effort to determine the direct name of the plaintiffs' possible actual supervisor(s). This has been explained to counsel for plaintiffs, but still, the names of plaintiffs are being withheld and conditioned on the entry of a Stipulated Protective Order.[1]

Defendants' counsel certainly recognizes the obligation not to file papers with the court identifying the plaintiffs' names at these early stages even if Defendant knows of them and, in light of their alleged minor status, comply with all rules and obligations upon Defendant in that regard. Among others, Defendants' counsel would not file any public papers revealing their names without seeking the Court's permission by way of an appropriate impoundment Order order Local Rule 7.2 However, for the reasons above, it is unfair to Defendant to have to await any further the disclosure of Plaintiff's names.

Defendants and Defendants' counsel is seeking an Order that the names be disclosed, but not looking to obtain the names for anything other than its fact investigation, and proposes herewith an Order consistent with that: that the names be produced along with a Court Order to treat such names as confidential and without public dissemination and use those names only for its investigatory purposes until further Order of this Court.

---

[1] Defendants' counsel notes its concern and desire to investigate whether there are, at issue in this case, application for employment papers that may be false or fraudulent, including possibly from a third party. This concern is a point of continued negotiation regarding any proposed Stipulated Protective Order. Defendants believes there should be no right to claim confidentiality in the event any false or fraudulent application papers are discovered in the course of discovery, and that there should be a carve-out and restriction on both sides from attempting to designate any such materials confidential, and thereby require motion practice under a Protective Order about either party's decision to designate such materials as confidential before such information is used or filed without confidentiality protections. Plaintiffs' counsel disagrees.

WHEREFORE, for these reasons and certifying compliance with Local Rule 7.1(a)(2), Defendants ask that the Court Order that plaintiffs' names be promptly disclosed to counsel Defendants, and Defendants file a Proposed Order herewith.

                Respectfully submitted,

DEFENDANTS RAW SEA FOODS, INC.
SCOTT HUTCHENS AND JASON HUTCHENS
By Their Counsel,

Dated: October 9, 2024

/s/ Jeffrey M. Rosin
Jeffrey M. Rosin, BBO# 629216
O'HAGAN MEYER, PLLC
140 Kendrick Street, Bldg. C
Needham, MA 02494
Telephone: (617) 843-6800
Fax: (617) 843-6810
jrosin@ohaganmeyer.com

**CERTIFICATE OF SERVICE**

I, Jeffrey Rosin, hereby certify that on this 9th day of October 2024 a true and accurate copy of this Motion for Disclosure of Plaintiff's Names was served upon counsel of record by filing such papers via the Court's ECF system.

/s/ Jeffrey Rosin
Jeffrey Rosin