UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| M.R., *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>Raw Seafoods, Inc., *et al.*,<br><br>*Defendants.* | Case No. 1:24-cv-12427-WGY<br><br>Date: October 9, 2024 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISCLOSE TO DEFENSE COUNSEL THE NAMES OF PLAINTIFFS**

Plaintiffs respectfully request that the Court grant the parties' pending Joint Motion for Entry of a Stipulated Protective Order, ECF 14, and dismiss Defendants' Motion for Disclosure of the Plaintiffs' Names as moot. As Plaintiffs' counsel has previously informed Defendants, Plaintiffs' counsel will provide Defendants with Plaintiffs' names pursuant to the protective order once the Court enters it. Plaintiffs write here to provide the Court with additional context for the parties' joint motion in relation to Defendants' motion.

Plaintiffs do not oppose the terms of the proposed order submitted by Defendants along with their motion, ECF 13-1, because it achieves precisely what Plaintiffs have sought from Defendants but that they previously refused: an agreement not to publicly disclose Plaintiffs' personal identifying information or use such information for purposes other than the investigation and litigation of this matter. Had Defendants offered to Plaintiffs a stipulation consistent with the proposed order they submitted to the Court, Plaintiffs would have agreed to it. Instead, Defendants insisted on terms that would require Plaintiffs to agree *ex ante* to the public disclosure of

unspecified information "to refute press reports about this Litigation." Decl. of Chisato Kimura-Kleiböhmer ("Kimura-Kleiböhmer Decl."), Ex. 1 at 6.

This case was brought by three minors whom Defendants subjected to forced labor, child labor, and discrimination at their seafood processing plant, in violation of federal and state law and international human rights norms. Given the Plaintiffs' young age, the sensitivities of the case, and concerns for their safety, Plaintiffs requested that Defendants join a motion for entry of a protective order nearly identical to a standard protective order from the United States District Court for the District of Massachusetts, prior to disclosing Plaintiffs' full names to Defendants. Kimura-Kleiböhmer Decl., Ex. 2 at 1. Plaintiffs also stipulated to an extension for Defendants to respond to the Complaint, until such time as a protective order was entered to ensure Defendants were not prejudiced. Kimura-Kleiböhmer Decl., Ex. 3 at 1. Defendants' counsel represented that it would honor Plaintiffs' interest in protecting their personal identifying information, but nonetheless rejected the standard protective order and insisted on its ability to publicly disclose vaguely described documents that it determined unilaterally were false or fraudulent.

Amid ongoing negotiations with Plaintiffs regarding the scope of a proposed protective order, Defendants filed their motion for disclosure of Plaintiffs' names. ECF 13. There, for the first time, Defendants tacitly agreed to a Court order restricting its use of Plaintiffs' personal identifying information "for investigatory purposes until further Order of this Court." Proposed Order, ECF 13-1. A mere four hours after Defendants filed their motion for disclosure, the parties came to agreement on the terms of a protective order and then jointly moved this Court to enter it. *See* Joint Mot. Protective Order, ECF 14. Once the Court enters the protective order, Plaintiffs' counsel will provide Plaintiffs' names pursuant to the protective order, as they have committed to do throughout their communications with Defendants.

## CONCLUSION

Because entry of the protective order will address both parties' concerns, Plaintiffs respectfully ask that this Court grant the pending Joint Motion for Entry of Stipulated Protective Order and dismiss Defendants' Motion for Disclosure of Plaintiffs' Names as moot.

Respectfully Submitted,

/s/ Muneer I. Ahmad
Jordan Cozby, Law Student Intern
Chisato Kimura-Kleiböhmer, Law Student Intern
Zoë Mermelstein, Law Student Intern
María Perales Sánchez, Law Student Intern
Michael J. Wishnie (BBO #568654)
Muneer I. Ahmad, *pro hac vice*
Michael K.T. Tan, *pro hac vice*
Jerome N. Frank Legal Services Org.
P.O. Box 209090
New Haven, CT 06520
Phone: (203) 432-4800
Fax: (203) 432-1426

Thomas Smith (BBO#673200)
(203) 432-4800
Pablo Carrasco (BBO#693735)
(857) 293-0332
Justice at Work
33 Harrison Ave Suite 501
Boston, MA 02111

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 9, 2024, a copy of the foregoing document was filed electronically and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of this court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

Dated: October 9, 2024

                                            Respectfully submitted,

                                            /s/ Muneer I. Ahmad
                                            Muneer I. Ahmad, *pro hac vice*
                                            Jerome N. Frank Legal Services Org.
                                            P.O. Box 209090
                                            New Haven, CT 06520-9090
                                            Phone: (203) 432-4800
                                            Fax: (203) 432-1426
                                            *Counsel for Plaintiffs*